Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Raymond Caldera, Individually and
On Behalf of All Others Similarly Situated

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raymond Caldera, On Behalf of Himself and All Others Similarly Situated<br><br>                         Plaintiff,<br><br>    v.<br><br>Winn Law Group, and DOES 1-10, INCLUSIVE<br><br>                         Defendants. | Case No.  **'19CV1363 JM   LL**<br><br>**Plaintiff's Class Action Complaint**<br><br>**(1) The Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.**<br><br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Raymond Caldera, by and through his attorney, Law Office of Andrew P Rundquist, in his claim for damages against Defendant Winn Law Group ("Winn Law").

## I.    INTRODUCTION

1.    This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Congress intended the

FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II.    JURISDICTION

2.    Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.    This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III.    VENUE

4.    Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.    PARTIES

5.    Plaintiff Raymond Caldera is a natural person residing in San Diego County, California and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3) of the FDCPA in that he is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Cavalry Portfolio Services, LLC (hereinafter "debt").

**<u>Winn Law Group</u>**

6.      Plaintiff is informed and believes Defendant Winn Law Group is and was at all relevant times a California Professional Corporation and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.      Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendants.

8.      At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

9.      Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents,

employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V.  FACTUAL ALLEGATIONS

A.    <u>Defendant Obtains Plaintiff's Employment Information and Prepares and Completes Necessary Judicial Council Form Documents To Proceed with Wage Garnishment</u>.

10.    On October 3rd, 2016, Defendant, on behalf of its client obtained a writ of execution in the underlying debt collection lawsuit styled judgment creditor Cavalry Investments, Inc LLC v. Raymond D. Caldera.

11.    Subsequently, Defendant confirmed it had located Plaintiff's place of employment and Defendant prepared the necessary wage garnishment documents to be served upon Plaintiff's employer;  Defendant inputted the necessary information in Mandatory Use Judicial Council Form WG-002 , which required Defendant to enter the "**Name and Address of Employer**" and also the "**Name and Address of Employee**."

12.    It is imperative for Defendant to accurately input the necessary Employer and Employee information to ensure the levying officer effectively processes and accounts for all payments that may be withdrawn as a result of the wage garnishment.

13.    Mandatory Use Judicial Council Form WG-002 is served upon the employer and notice is also provided to the employee, which then allows the employee to file its Claim of Exemption or otherwise raise objections to the wage garnishment.

14.    Judicial Council Form WG-002 also instructs the employer to

Complete both copies of the form Employer's Return (form WG-005) and mail them to the levying officer within 15 days after receiving this order, whether or not the employee works for you.

15.    Mandatory Use Judicial Council Form WG-005 contains a checklist of information the employer must complete and promptly return to the levying officer within

15 days of employer's receipt of the writ of execution for the wage garnishment (or "earnings withholdings order") for the employer to complete.

16.    For instance, Mandatory Use Judicial Council Form WG-005 requires the employer detail whether employee is currently within their employ and the employees gross earnings for last pay period; Form WG-005 also allows the employer to detail if the employee has other earnings withholding orders currently in place and the respective priority of those other earnings withholdings order.

17.    Notably, Mandatory Use Judicial Council Form WG-005 conspicuously notices the employer

**FAILURE TO COMPLETE AND RETURN THESE FORMS MAY SUBJECT YOU TO PAYMENT OF ATTORNEY FEES AND OTHER CIVIL PENALTIES.**

18.    In November 2016, Plaintiff's employer was served the Writ of Execution for Wage Garnishment and shortly thereafter, the employer deducted the necessary amount per pay period and provided the garnished funds to the levying officer.

19.    On May 10th, 2017, plaintiff's attorney filed and served upon defendant its substitution of attorney in the underlying debt collection action.

20.    Furthermore, in July 2017, Defendant provided Plaintiff's attorney with some pertinent documents in the underlying debt collection action, including judgment renewal documents and a copy of the original judgment again confirming Defendant's notice that herein Plaintiff's attorney represented Plaintiff in regard to the underlying debt collection action.

B.    <u>California Prohibits Judgment Creditor's Ex-Parte Communication With Employer, Including Any Attempt to Compel Employer to Comply With Earning Withholding Order</u>.

21.    In California, if after service of the earnings withhold order, judgment creditor remains dissatisfied with employer's conduct in response to service of the earning

withholding order upon an employee, a judgment creditor is restricted to pursuing an action via CCP § 708.210 allows for a creditor's suit against employer/third person due to their possession or control of property in which the judgment debtor has an interest, the judgment creditor may bring an action against the third person to have the interest or debt applied to the satisfaction of the money judgment.

22.    Alternatively CCP § 708.120 establishes a procedure through which a judgment creditor may apply ex-parte for an order authorizing an examination in court of a third party who 'has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars.'

C.    December 11th, 2018: Defendant Illegally Communicates With Plaintiff's Employer and Harasses and Oppresses Plaintiff with the Distribution of Confidential Information to 3rd Parties.

23.    On December 11th, 2018 ("December '18 demand letter") Defendant dispatched to Plaintiff's Employer a 3-page demand for payment regarding the wage garnishment in the underlying debt collection action; December '18 demand letter is a "communication" as defined by 15 U.S.C. § 1692a(2), "debt collection" as defined by 15 U.S.C. § 1692a(2) and concerned a debt incurred primarily for personal, family or household purposes and is thus a "debt" as defined by 15 U.S.C. § 1692a(5).

24.    Page 1 of December '18 demand letter was addressed to Plaintiff's employer and itemized identifying information particular to Plaintiff, including the last 4 digits of his social security number, the caption in the underlying debt collection lawsuit styled Cavalry Portfolio Services, LLC vs Raymond D. Caldera and also the court file number.

25.    The December '18 demand letter to Plaintiff's employer then detailed how Plaintiff's employer was "...served with an earnings withholding order"...and to "remit those sums to the levying officer."

26.     The December '18 demand letter to Plaintiff's employer also described

There is still a balance due and owing on this account of $2,495.63.  Demand is hereby made to immediately comply with the earnings withholding order.

27.     December '18 demand letter also implored Plaintiff's employer to

"Please contact us immediately in order to correct this problem.  You may call our office at 714-446-6686 and ask for the Post-Judgment Department.

28.     The December '18 demand letter was signed by attorney Amit Taneja, Esq.

29.     The December '18 demand letter then implored the employer to complete additional information regarding the wage garnishment, including

___Does Not Make Enough to Garnish Wages;
___Defendant No Longer employed as of _____;
___Other Garnishments ahead of us;
___Defendant is on a leave of absence;
___We failed to calculate Interest at the rate of 10% per annum by law.
The garnishment will resume _____ immediately.

30.     Page 2 of Defendant's December '18 Demand letter disclosed additional private and confidential information, including an unredacted version of Plaintiff's complete social security number, which was shared and distributed among Plaintiff's co-workers and associates.

31.     Defendant, as a matter of pattern and practice, send demand letters and other correspondence to consumer debtors that are substantially similar or materially identical to the December 11th, 2018 demand letter sent to Plaintiff's employer, which violated multiple provisions of the FDCPA, as detailed below.

32.     On December 20th, 2018, Plaintiff's received from his co-workers and associates Defendant's December  11th, 2018 demand letter and he was embarrassed,

ashamed, and concerned his privacy and other confidential information was compromised due to Defendant's disclosure of confidential information, including his complete social security number.

33.    As a result of Defendant's conduct, Plaintiff has felt anxious every day and concerned Defendant would not relent in its illegal debt collection efforts; Defendant's conduct has been detrimental in his relationships with his co-workers; Plaintiff suffered a great deal of mental anguish in the form of stress, anxiety, sleeplessness, nervousness, change in appetite and exacerbating his pre-existing medical conditions; Defendant was already on notice it's debt collection activity was illegal yet acted with reckless disregard Plaintiff would suffer emotional distress when it persisted in its illegal debt collection activities.

C.    January 31st, 2019: Defendant Resumes its Illegal Communication With Plaintiff's Employer and Persists in Harassing and Oppressing Plaintiff With Redistributing Confidential Information to 3rd Parties.

34.    Immediately after Defendant received from his co-workers and work associates Defendant's December '18 demand letter, herein Plaintiff's attorney on or about December 21st, 2018 contacted attorney Amit Taneja, Esq. who authored and authorized the December '18 demand and notified him Defendant's December 2018 demand letter violated numerous consumer protection statutes and to cease all additional activities.

35.    Unfortunately, Defendant failed to heed the professional courtesy it previously received from Plaintiff's counsel and resumed its illegal conduct.

36.    On January 31st, 2019 ("January '19 demand letter") Defendant dispatched to Plaintiff's Employer another 3-page demand for payment regarding the wage garnishment in the underlying debt collection action, which was largely a reiteration of Defendant's December 11th, 2018 demand letter it dispatched to Plaintiff's employer.

37.    The January '19 demand letter is a "communication" as defined by 15 U.S.C. § 1692a(2), "debt collection" as defined by 15 U.S.C. § 1692a(2) and concerned a

debt incurred primarily for personal, family or household purposes and is thus a "debt" as defined by 15 U.S.C. § 1692a(5).

38.     Page 1 of January '19 demand letter was addressed to Plaintiff's employer and itemized identifying information particular to Plaintiff, including the last 4 digits of his social security number, the caption in the underlying debt collection lawsuit styled Cavalry Portfolio Services, LLC vs Raymond D. Caldera and the court file number.

39.     The January '19 demand letter to Plaintiff's employer then detailed how Plaintiff's employer was "…served with an earnings withholding order"…and to "remit those sums to the levying officer."

40.     The January '19 demand letter to Plaintiff's employer also described

There is still a balance due and owing on this account of $2,529.21 Demand is hereby made to immediately comply with the earnings withholding order.

41.     The January '19 demand letter also implored Plaintiff's employer to

Please contact us immediately in order to correct this problem.  You may call our office at 714-446-6686 and ask for the Post-Judgment Department.

42.     The January '19 demand letter was signed by attorney Amit Taneja, Esq.

43.     The January '19 demand letter then implored the employer to complete additional information regarding the wage garnishment, including

___Does Not Make Enough to Garnish Wages;
___Defendant No Longer employed as of _____;
___Other Garnishments ahead of us;
___Defendant is on a leave of absence;
___We failed to calculate Interest at the rate of 10% per annum by law.
The garnishment will resume _____ immediately.

44.     Page 2 of Defendant's January '19 Demand letter disclosed additional private and confidential information, including an unredacted version of Plaintiff's complete social security number, which was shared and distributed among Plaintiff's co-workers and associates.

9

45.    Defendant, as a matter of pattern and practice, send demand letters and other correspondence to consumer debtors that are substantially similar or materially identical to the January 31st, 2019 demand letter sent to Plaintiff's employer, which violated multiple provisions of the FDCPA, as detailed below.

46.    On January 31st, 2019 Plaintiff's received from his co-workers Defendant's January 31st, 2019 demand letter and he was embarrassed, ashamed, and concerned his privacy and other confidential information was compromised due to Defendant's disclosure of confidential information, including his complete social security number.

47.    As a result of Defendant's conduct, Plaintiff has felt anxious every day and concerned Defendant would not relent in its illegal debt collection efforts; Defendant's conduct has been detrimental in his relationships with his co-workers; Plaintiff suffered a great deal of mental anguish in the form of stress, anxiety, sleeplessness, nervousness, change in appetite and exacerbating his pre-existing medical conditions; Defendant was already on notice it's debt collection activity was illegal yet acted with reckless disregard Plaintiff would suffer emotional distress when it persisted in its illegal debt collection activities.

D.    Defendant's Conduct Violated Numerous Provisions of the Fair Debt Collection Practices Act.

48.    Defendant violated 15 U.S.C. § 1692b, where if a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--

(1)    identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
(2)    not state that such consumer owes any debt;
(3)    not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4)    not communicate by post card;

(5)    not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt.

49.    Defendant violated 15 U.S.C. § 1692b, where if a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--

(6)    after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

50.    Defendant violated 15 U.S.C. § 1692c(a),  where without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

(3)    at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

51.     Defendant violated 15 U.S.C. § 1692c(b), where except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy,

> a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

52.     Defendant violated 15 U.S.C. § 1692c(c),  where if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

53.     Defendant violated 15 U.S.C. § 1692d,  a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt—

> (2)     The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3)     The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3)[1] of this title.

54.      Defendant violated 15 U.S.C. § 1692e, which prohibits defendant from the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt--

> (2)(A)  which prohibits defendant falsely representing the character, amount, or legal status of any debt;
> (4)     the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(5)    the threat to take any action that cannot legally be taken or that is not intended to be taken;

(7)    The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;

(8)    communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(9)    the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval;

(10)   the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(13)   the false representation or implication that documents are legal process;

(15)   the false representation or implication that documents are not legal process forms or do not require action by the consumer.

55.    Defendant violated 15 U.S.C. § 1692f, which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt—

(6)    Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if

(A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B)    there is no present intention to take possession of the property; or

(C)    the property is exempt by law from such dispossession or disablement.

## VI.    CLASS ACTION ALLEGATIONS

56.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

57.    Plaintiff brings this action on behalf of himself and all other similarly situated residents of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58.    Plaintiff defines **Class 1** as:

(i) all persons with addresses within the United States;

(ii) who were sent statements from Defendant in a form similar or identical to the December 11th, 2018 and January 31st, 2019 Demand Letters Defendant dispatched to debtor's employers;

(iii) to recover a consumer debt;

(iv) and which were not returned undelivered by the United States Postal Service.

For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint.

59.     Excluded from the Class are: Defendant, its officers, directors and employees, and any entity in which Defendant has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

60.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

61.     **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis, alleges there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendant.

62.     **Commonality.** Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members.

Common questions include, but are not limited to:

a)      Whether Defendant's conduct violated the FDCPA;

b)      Whether members of the Classes are entitled to the remedies under the FDCPA;

c)      Whether members of the Classes are entitled to injunctive relief;

d)      Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

e)      Whether Defendant can satisfy the bona fide error affirmative defense.

f)      Whether members of the Classes are entitled to declaratory relief;

63.    **Typicality**. Plaintiff's claims are typical of the claims of the class. She was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

64.    **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because (a) her interests do not conflict with the interests of the individual Class members she seeks to represent; (b) she has retained counsel who is competent and experienced in complex class action litigation; and (c) she intends to prosecute this action vigorously. Plaintiff and its counsel will fairly and adequately protect the interests of the Class.

65.    **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery due to Defendant's unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

66.    This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

67.     Class certification is also appropriate under Fed. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question affecting only individual members.

## VII.   CLAIMS

### COUNT I: FAIR DEBT COLLECTION PRACTICES ACT

68.     Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

69.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

71.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

72.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

73.     Defendant's foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq; Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

74.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### IIX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

• This action be certified as a class action on behalf of the Classes as requested herein;

• Plaintiff be appointed as representative of the Classes;

• Plaintiff's counsel be appointed as counsel for the Classes;

• An award of actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;

• An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• Any and all other relief that this Court deems just and proper.

<u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised I claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 22nd, 2019

Law Office of Andrew P Rundquist
By: <u>/s/ Andrew P Rundquist</u>
Andrew P Rundquist, Esq.
Attorney for Plaintiff
Raymond Caldera